IN THE UNITED STATES DISTRICT COURT
FOR THE NORTHERN DISTRICT OF IOWA
CEDAR RAPIDS DIVISION

| | |
|---|---|
| UNITED STATES OF AMERICA,<br><br>　　　　Plaintiff,<br><br>vs.<br><br>TODD HANSEL,<br><br>　　　　Defendant. | No. 06-CR-102-LRR<br><br>**EX PARTE SEALED ORDER** |

_____

　　　　The matter before the court is the government's Ex Parte Motion for Protective Order (docket no. 33), filed on September 12, 2006.[1]

　　　　The Motion seeks an order authorizing the government to withhold information from Defendant Todd Hansel.  The government argues that it should not be required to disclose the fact that one of its witnesses, Cedar Rapids Police Investigator Charity Hansel (formerly known as Charity Neve), was found to be untruthful by a judicial officer on June 19, 2001.  On that date, Investigator Hansel testified before the Honorable Thomas L. Koehler, Judge of the Iowa District Court in and for Linn County, in a case involving a juvenile, namely, *In the Interest of D.C., A Minor Child*, JVJV 19365.  (*See* docket no. 33-3).  The juvenile was charged with interference with official acts.  At the hearing, Judge Koehler dismissed the pending charges against D.C. and stated: "it's obvious Ms. [Hansel] is not being truthful."

---

[1] The court finds the government's decision to submit its motion ex parte and seek in camera review of the evidence is appropriate.  In *United States v. Boykin*, 986 F.2d 270 (8th Cir. 1993), the Eighth Circuit Court of Appeals approved of the government's request to speak with the trial court in camera and stated: "We note that it is common practice for the court to view in camera information which the prosecutor possesses to determine whether it is *Brady* material which must be disclosed."  *Id.* at 276 & n.2.

The court has the ability to regulate the parties' discovery through Federal Rule of Criminal Procedure 16(d).  *See* Fed. R. Crim. P. 16(d)(1) (providing that the court may enter protective or modifying orders).  Rule 16(d)(1) permits the court to deny, restrict or defer pre-trial discovery upon a sufficient showing by a party of the need for such action.  *Id*.  During this in camera inspection, the court must "balance the government's need for confidentiality against [Defendant's] constitutional right to obtain evidence vital to a fair defense."  1 Crim. Prac. Manual § 22:8 (June 2006) (citing *United States v. Nixon*, 418 U.S. 683 (1974)).

The government has a constitutional obligation to provide Defendant with evidence that affects the credibility of its witnesses.  *See Brady v. Maryland*, 373 U.S. 83, 87 (1963) (holding that due process requires the disclosure of evidence that is material to guilt or punishment).

> [*Brady*] requires the government to produce all material evidence, whether impeachment or exculpatory, *Giglio v. United States*, 405 U.S. 150, 154-55 (1972), in its possession that is favorable to the defendant.  Evidence is material "only if there is a reasonable probability that, had the evidence been disclosed to the defense, the result of the proceeding would have been different.  A 'reasonable probability' is a probability sufficient to undermine confidence in the outcome."  *United States v. Bagley*, 473 U.S. 667, 682 (1985).

*United States v. Quintanilla*, 25 F.3d 694, 698 (8th Cir. 1994).  The Stipulated Discovery Order requires that the government provide Defendant with *Brady* materials.  (*See* docket no. 9 at ¶ 1 ("The [open discovery] file will include Rule 16, *Brady*, and Jencks Act materials of which the United States Attorney's Office is aware and possesses.")).  Importantly, "[p]ublicly available information which [Defendant] could have discovered through reasonable diligence cannot be the basis for a *Brady* violation."  *United States v. Willis*, 277 F.3d 1026, 1034 (8th Cir. 2002).

Impeachment materials directly affect the credibility of a witness and the "reliability of a given witness may well be determinative of guilt or innocence." *Giglio*, 405 U.S. at 154; *see also Carriger v. Stewart*, 132 F.3d 463, 481-82 (9th Cir. 1997) ("[T]he government is obligated to disclose 'all material information casting a shadow on a government witness's credibility.'" (emphasis and quotations omitted)). The government must disclose "[a]ny evidence, material or information that would tend to impeach the credibility of any person whom the government intends to call as a witness or any individual upon whom the prosecution has relied in the investigation and prosecution of its case." 1 Crim. Prac. Manual § 22:8 (June 2006) (citing *Kyles v. Whitley*, 514 U.S. 419 (1995) which, in turn, explains that the government's *Brady* obligation extends to non-witnesses).

The court finds that the transcript from the June 19, 2001 hearing in *In the Interest of D.C.*, is not "[p]ublicly available information which the defendant could have discovered through reasonable diligence." *See Willis*, 277 F.3d at 1034. It is neither reasonable nor efficient to expect Defendant's attorney to search state court files for information pertaining to every law enforcement officer who is involved in his case.

The question, then, becomes whether the 2001 finding by Judge Koehler is material evidence. The government states that "Investigator Hansel is expected to testify regarding her involvement in the investigation and interviews in this case." (docket no. 33-2 at 1). Based on that statement alone, it is very difficult to determine whether the impeachment evidence is material. *See Pennsylvania v. Ritchie*, 480 U.S. 39, 65-66 & n.2 (1987) (Blackmun, J., concurring) (noting that the trial court has an ongoing obligation to review the confidential record for material information and explaining that "[i]mpeachment evidence is precisely the type of information that might be deemed to be material only well into the trial"). Therefore, the court examined the factual information presented in each of the filings in this matter.

Upon examination of the facts in the government's brief in support of its resistance to Defendant's motion to suppress (docket no. 31), it is apparent that the 2001 juvenile case is not related in anyway to Defendant's case. Moreover, the evidence from the 2001 hearing will not be admissible in the trial in this matter. Pursuant to Federal Rule of Evidence 608(b), Judge Koehler's conclusion at the 2001 hearing regarding Investigator Hansel is inadmissible character evidence. *See* Fed. R. Evid. 608(b) (prohibiting the use of extrinsic evidence to prove specific instances of conduct to support or attack credibility); *see also United States v. Cruz*, 894 F.2d 41, 43 (2d Cir. 1990) (affirming the district court's reliance on Rule 608(b) and its decision to exclude a transcript of an unrelated sentencing hearing where the witness was found to "lack credibility" because the transcript "reflect[ed] only a finding that [the witness] lacked credibility as to his testimony in that case, not that he was lacking in veracity generally").

Importantly, however, the Federal Rules of Evidence do not apply during proceedings involving "[t]he determination of questions of fact preliminary to admissibility of evidence . . . ." Fed. R. Evid. 1101(d)(1). Therefore, the court must consider more than simply whether the impeachment evidence would be admissible at trial. According to the government, Investigator Hansel signed at least one search warrant affidavit in this matter. (docket no. 31, at 2). Investigator Hansel appears to be the case agent in this matter or, at the very least, an officer who knows a great deal about the investigation. (*Id.*). In his Motion to Suppress, Defendant is challenging one of the search warrants in this matter because he claims that Investigator Hansel, the affiant, made false and reckless statements in the search warrant application. (*See* docket no. 20-2, at 5-7). Therefore, Investigator Hansel's credibility is a central issue in the pretrial proceedings in this matter. The court finds that the impeachment evidence that is the subject of the government's Motion is material.

To ensure Defendant receives a fair trial, Judge Kohler's statement regarding Investigator Hansel must be disclosed to Defendant pursuant to *Brady* and *Giglio*.

For the foregoing reasons, it is hereby **ORDERED**:

(1) The government's Ex Parte Motion for Protective Order (docket no. 33-1) is **DENIED**;

(2) **By 5:00 p.m. on September 18, 2006**, the government shall disclose the impeachment evidence that is the subject of its Motion and this order;

(3) The period between the filing of Defendant's Motion and this Order is excluded from calculation under the Speedy Trial Act. 18 U.S.C. § 3161(h)(1)(F) (excluding delay resulting from the filing of any pretrial motion through the prompt disposition of the motion); 18 U.S.C. § 3161(h)(1)(J) (excluding "delay reasonably attributable to any period, not to exceed thirty days, during which any proceeding concerning the defendant is actually under advisement by the court"); and

(4) On September 19, 2006, at noon, after the government has disclosed the impeachment evidence, the Clerk of Court shall unseal the Ex Parte Motion for Protective Order (docket no. 33) and this order.

**IT IS SO ORDERED.**

**DATED** this 18th day of September, 2006.

LINDA R. READE
JUDGE, U. S. DISTRICT COURT
NORTHERN DISTRICT OF IOWA